FRANCISCO CRESPO ESCALERA, Plaintiff and Appellee, *v.* ERNESTO FERNANDO SCHLÜTER and INSULAR MERCANTILE COMPANY, Defendants and Appellants.

No. 8147. Argued April 17, 1941.—Decided June 10, 1941.

A. *Torres Braschi*,* for the appellants. *Luis Mercader*, for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The original complaint in this case was filed in the District Court of Ponce by Francisco Crespo Escalera against Ernesto Fernando Schlüter and the Insular Mercantile Company, the plaintiff requesting in said complaint a judgment annulling a summary foreclosure proceeding prosecuted in said court, and ordering the restitution of one of the properties foreclosed or payment of its value and of the damages caused, with costs.

The first cause of action, that is, that in which the alleged nullity is set forth, is based on the fact that the defendant,

---

* He resigned his representation on the date tho case was argued.

Schlüter, in May, 1931, began a summary foreclosure proceeding against the plaintiff for the collection of $2,000 as principal and $350 as interest guaranteed by a mortgage on two farms, one of 81 cuerdas and the other of 122.98 which are duly described, and on the further fact because of "certain false allegations and an inaccurate description of the property of 122.98 cuerdas, the plaintiff succeeded in getting the court to order Mr. Crespo to pay the above mentioned sum and in his default to order the sale of said properties at a public auction and without previous assessment", said properties being adjudicated to Schlüter for $550 which were to be discounted from his credit.

The following specified causes of nullity are set forth by the plaintiff:

"(a) Lack of jurisdiction of this court, since the farm of 122.98 cuerdas, bigger and worth more than that of 81 cuerdas, has been located in the Municipality of Ciales ever since more than twenty-five years ago the territorial boundaries of the municipalities of Barros and Ciales were fixed.

"(b) Because the amount collected as principal and interest was inaccurate and false.

"(c) Because no assessment was made of the farms before the sale took place, so that the plaintiff had the same sold for the ridiculous sum of $550, when in reality they were worth more than $10,000.

"(d) Because after said summary foreclosure proceeding had been finished, the plaintiff in said action, without notifying the plaintiff in this action, succeeded in getting this court to deliver to him the notes payable to bearer on which said foreclosure was based, and which belonged to the defendant in said foreclosure proceedings, as a result of that very action.

"(e) Because although the foreclosure had already been consumated, without previous assessments of the mortgaged properties, the plaintiff in said foreclosure proceeding requested and obtained a new order of execution attaching viciously and illegally properties of the defendant in said action worth more than $10,000, all this without any notification or granting of a hearing to the defendant.

"(f) Because in spite of all that has been set forth before, and without notifying the defendant, the plaintiff in the foreclosure proceeding requested from this court the issuance of additional orders of attachment against the defendant."

With respect to the other party defendant, the complaint states:

"That the defendant Insular Mercantile Company which now appears as the nominal owner of the above mentioned farm of 122.98 cuerdas, is a corporation created precisely by defendant Schlüter and lacks any effective interest in said property, the defendant Schlüter being the real owner of the property through his control of said corporation. This corporation, furthermore, is acquainted with all the defects and causes of nullity above stated, not only from what appears in the registry but also through its complete information concerning all the facts alleged in this complaint."

In order to substantiate its second cause of action, the facts alleged in the first are again set forth and in addition it is alleged:

"That because of the foreclosure which took place, the plaintiff in said foreclosure proceeding sold to a third party the above mentioned farm of 81 cuerdas, which is worth about $5,000, depriving thereby the defendant of said property and its earnings during two years, which reasonably estimated mounts annually, after liquidation, to the sum of $700; and for that reason the defendant in said foreclosure proceeding suffered damages, consisting of the value of said property and its earnings, which mount to about $6,400, which the plaintiff has not paid either totally nor partially."

The defendant Schlüter in his answer to the first cause of action, accepted the existence of the summary foreclosure proceeding brought by him and the fact that the farms were adjudicated to him, but he denied that his complaint contained false allegations and that the description which he made of the farm of 122.98 cuerdas was inaccurate. He also denied specifically the other allegations on which the cause of action is based and he alleged furthermore that he has no interest whatsoever "in even one of the shares of stock of the Insular Mercantile Company".

With respect to the second cause of action he denied having sold the farm of 81 cuerdas to a third party and that said farm was worth around $5,000. He denied that through him the plaintiff in this action suffered any damages.

As affirmative defenses he set forth the execution of the mortgage and the foreclosure for lack of payment; the sale of the two farms adjudicated to him with seven other properties, to the Insular Mercantile Company for a price of $300 each, and the additional fact that according to his information and belief, the corporation had sold the farm of 80 cuerdas to a fourth party; he alleged furthermore that the plaintiff is legally estopped from alleging lack of jurisdiction in the court over the summary foreclosure proceeding, and that assuming that the cause of action existed in favor of the plaintiff, the same had prescribed through the passing of four years, according to Section 1253 of the Civil Code (1930 ed.).

The defendant Schlüter also filed a cross-complaint in which he alleged the existence of his credit, which had never been paid by the debtor Crespo, and requested that judgment be rendered against him in the amount of $2,000 as principal of the two notes, their interest—$1,373.33 up to November 30, 1938, plus the current interest until its total payment—$400.98 for taxes paid, with legal interest, and $350 which had been agreed upon for costs.

The Insular Mercantile Company filed a separate answer in which it denied that it was a corporation controlled by Schlüter, and admitted that it was the owner of the farm of 122.98 cuerdas. With respect to the other farm of 80 cuerdas, it denied that it was worth $5,000. As an affirmative defense it alleged that the action had prescribed in accordance with Section 1253 (1930 ed.).

The plaintiff answered Schlüter's cross-complaint denying the facts alleged in it and alleging that if the requested nullity were granted, the cross-complainant would not collect his credit.

The case went to trial under these allegations, and much documentary and parol evidence was offered. After analyzing and weighing this evidence, in order to decide the question of nullity based on the lack of jurisdiction in the district court over the summary foreclosure proceeding within which the properties claimed by the plaintiff were sold, the trial court found as a proven fact that the farm of 122.98 *cuerdas* was located in the Municipality of Ciales, and not in Barros, and that said farm was the larger and the more valuable one according to the registry, and as a result it held that since Ciales was included in the Judicial District of Arecibo, the District Court of Ponce had acted without jurisdiction. The court annulled the summary foreclosure proceeding and ordered the cancellation of the recordings made in the registry by virtue of the same, in favor of the defendant Schlüter, and likewise the cancellation of all subsequent conveyances of the farm, and finally it ordered the defendants to return said farms to the plaintiff. The defendants, not being satisfied with said judgment, appealed from it to this Court.

After analyzing the evidence offered at the trial, we find that it was well appraised by the trial court and likewise that the law was properly applied by said court to the facts of the instant case. The appeal therefore, is not well grounded.

■ The last paragraph of Section 170 of the Regulations for the Execution of the Mortgage Law provides expressly:

"Art. 170.—　　*　　*　　*　　*　　*　　*　　*

"The judge of competent jurisdiction shall be the judge of the place where all the mortgaged property is situated, submission to the jurisdiction of any other court not being admissible. When the property mortgaged is situated in different judicial districts, the judge of competent jurisdiction shall be the one to whom the matter is expressly submitted by the deed, and in the absence of such stipulation, the judge of the place in which the real property hav-

ing the highest value is located, or any of the several estates of the greatest value, should two of more have the same value according to the deed. If the latter shall have been recorded before the (mortgage) law went into effect, and it does not state the value of the estates, the amount of the mortgage liability apportioned among them shall be considered."

And in this case the mortgaged properties were located in separate districts and there was no express submission in the deed. The application of the rule by the trial court to the facts at hand is in complete accord with the law and the decision of this question does not need additional argument. See the cases of *Blondet* v. *Benítez et al.*, 33 P.R.R. 394, and *Porto Rican Leaf Tobacco Co.* v. *Ereño et al.*, 16 P.R.R. 96.

With respect to the holding of the lower court that the action had not prescribed because of the passing of four years, it will suffice to say that we are not dealing with a proceeding which can be annulled but with one which is completely inexistent, since the court acted without jurisdiction. See the case of *Trías* v. *Leaf Tobacco Co.*, 50 P.R.R. 88, in which previous decisions of this Court are cited and the Court holds, copying from the summary, that:

"An action to establish the absolute nullity of a summary foreclosure proceeding is not barred by the lapse of fifteen years.

"Where the initial petition in a summary foreclosure proceeding is filed in the district court of the district in which the property is situated, but all the other steps are taken in another district court, said foreclosure proceeding is an absolute nullity."

And with respect to the liability of the defendant Insular Mercantile Co., without analyzing in detail the evidence concerning its relation with defendant Schlüter, it will suffice to invoke, in support of the judgment, the doctrine established in *Ayala* v. *Flores*, 50 P.R.R. 832, as follows:

"One who acquires real property from the purchaser at a sale in a summary foreclosure proceeding with notice of records of the registry and knowing that the validity of his title depends on that

of the foreclosure proceedings is not an innocent third person and is affected or prejudiced by the nullity of the proceeding as decreed in a suit to which he is a party.''

The court also granted the cross-complaint with the exception of the claim of $350 for costs. The plaintiff requested the reconsideration of said judgment and the court amended its judgment ''in the sense that the plaintiff instead of paying the sum of $1,373.33 for interest due on said notice since the date of their maturity until November 30, 1938, plus interest at 10 per cent per annum from November 30, 1938, until their total payment, should merely pay interest due on said notes from the date of their maturity until May 17, 1932, which is the date when the summary foreclosure proceeding was filed by Ernesto Francisco Schlüter against Crespo Escalera, and the codefendant Schlüter cannot claim more interest in accordance with the decision in the case of *Pontón* v. *Succrs. of Huertas*, 46 P.R.R. 763.''

Defendants appealed from this part of the judgment. They insist that they should have been granted the $350 and that the court should have acknowledged their right to collect interest from the date of maturity of the debt until the total payment of the same.

In our opinion, appellants' contention is not correct. In the case of *Pontón* v. *Succrs. of Huertas*, 46 P.R.R. 763, 771, cited by the trial court, this Court said:

''There is no doubt whatever that, after the annullment of the summary foreclosure proceeding the debt secured by the mortgage subsists. It is evident that the defendant is entitled to collect the $4,500 he lent to the plaintiffs, once it has reimbursed to them the value of the property since the property itself cannot be restored. What we do think is that it is not entitled to recover the costs and attorney's fees or the interest, as it must not be overlooked that the fees pertained to a void proceeding and that the property was improperly awarded to it and was sold by it for $8,500 from which amount it has been benefiting since the receipt of the same. To accord it such right would be to grant it a double profit, since it was

adjudged to reimburse the value of the property, without fruits or interest. The provision should be modified so as to recognize the defendant's right to recover from the plaintiffs the sum of $4,500, which should be deducted by the defendant from the $8,500 that it must pay to the plaintiffs."

The situation in this case is similar. The trial court did not grant plaintiff's claim to the earnings produced by the farm of 81 cuerdas, but it could not fail to have that fact in mind when deciding the question of the interest claimed by the defendants. Considering this as a set-off of interest on the one hand, and the earnings of the farm on the other, it is clear that the defendants are the ones who are benefited, since the farm is worth more than the credit.

With respect to the cross-complainant's allegation that his cross-complaint should be considered as a complaint which he would have had to bring in order to collect from Crespo what the latter owed him, for the purpose of justifying the award of the sum agreed upon in the mortgage as costs in case of litigation, we cannot agree with appellant that the analogy which may exist justifies the award of costs. The costs of this action were imposed properly upon the defendants, since the nullity claimed by the plaintiff was decreed by the court and it would not have been just to acknowledge Schlüter's right to receive a sum for costs which was agreed upon for the eventuality of an independent proceeding, in this case which was brought against Schlüter as defendant, and of which he availed himself in order to claim something to which he would have a right to, even if the case was decided in favor of the plaintiff, as it actually was.

For these reasons the judgment appealed from must be affirmed.